OPINION
{¶ 1} This is an appeal from the Common Pleas Court of Guernsey County which concerns the determination of marital assets and the division thereof upon divorce of the parties.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married in 1985.
 {¶ 3} At such time, Appellant's parents owned "Bushy Fork Farm". On April 30, 1998, they transferred the 197.393 remaining acres of such farm tract to Appellant by a recorded deed.
 {¶ 4} While no consideration passed at transfer, there is differing testimony as to whether a gift or a sale occurred.
 {¶ 5} The value of the transferred tract was stipulated at $600,000.00.
 {¶ 6} Appellant, upon marriage, to Appellee, owned Cadiz Road real estate having purchased his former wife's interest in 1981.
 {¶ 7} In addition, Appellee operated a business known as Country Bits and Pieces since 1993.
 {¶ 8} The Magistrate's decision, approved by the trial court over objection, provided with respect to the above referenced assets:
 {¶ 9} "18. The Magistrate finds that the 197.393 acres deeded to Husband is marital property."
 {¶ 10} "12. * * * Therefore, the Magistrate finds that all but $30,000 of the appraised value of the real estate at Cadiz Rd is marital property, i.e., $90,000 is marital and $30,000 is pre-marital."
 {¶ 11} "13. In 1994, the parties purchased the Wheeling Avenue property. The parties had previously leased the property and Wife started the business known as Country Bits and Pieces. Husband testified that they paid $60,000 for the building. June 8, 1999, the parties signed a promissory note to First Star for $32,325. October 25, 1999, Wife's father paid First Star in full in the amount of $30,742. Wife's mother testified that it was a gift to Wife. They had paid for their other children's college education and considered this gift an opportunity to give daughter a career.
 {¶ 12} "14. The Magistrate finds that the Wheeling Avenue property was appraised for $135,000. The Magistrate further finds that the $30,742 paying off the real estate was a gift to Wife and though commingled with marital property has been traced by clear and convincing evidence and is therefore Wife's separate property. Therefore, the value of the marital portion of the real estate is $104,258."
 {¶ 13} Three Assignments of Error are raised:
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY RULING THAT A PARCEL OF LAND TRANSFERRED WITHOUT CONSIDERATION BY DEED SOLELY TO APPELLANT FROM HIS PARENTS DURING THE MARRIAGE WAS A MARITAL ASSET AND AWARDING IT EQUALLY TO THE PARTIES CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF EVIDENCE. (SEE MAGISTRATE'S DECISION FIRST PAGE 3, PARAGRAPH 15 AND PAGE 5 CONCLUSIONS OF LAW 6 AND 7).
 {¶ 15} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FAILING TO VALUE AND DISTRIBUTE AN ON-GOING BUSINESS ENTERPRISE AND MARITAL ASSET, DESPITE EVIDENCE OF ITS EXISTENCE AND FISCAL SUCCESS, CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. (SEE MAGISTRATE'S DECISION, PAGES 4 AND 5).
 {¶ 16} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FAILING TO FIND ALL OF THE VALUE ACCRUED IN AN ASSET PRIOR TO MARRIAGE TO BE SEPARATE PROPERTY, CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. (SEE MAGISTRATE'S DECISION FIRST PAGE 3, PARAGRAPH 12 AND PAGE 4 CONCLUSIONS OF LAW 2)."
 I. {¶ 17} With respect to the First Assignment of Error, there are two controlling factors to consider, that of manifest weight of the evidence and applicable statutory provisions.
 {¶ 18} In reviewing the records under the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and draw all reasonable inferences, consider the credibility of the witnesses and determine Awhether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. State v. Martin (1983), 20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380. Because the trier of fact is in a better position to observe the witnesses= demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230.
 {¶ 19} A review of a trial court's division of marital property is governed by an abuse of discretion standard. Martinv. Martin (1985), 18 Ohio St.3d 292. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 20} Revised Code § 3105.171 governs the division of marital property:
 {¶ 21} It provides in part:
 {¶ 22} "(3)(a) "Marital property" means, subject to division (A)(3)(b) of this section, all of the following:
 {¶ 23} "(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 {¶ 24} "(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 {¶ 25} "(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage;
 {¶ 26} "(iv) A participant account, as defined in section148.01 of the Revised Code, of either of the spouses, to the extent of the following: the moneys that have been deferred by a continuing member or participating employee, as defined in that section, and that have been transmitted to the Ohio public employees deferred compensation board during the marriage and any income that is derived from the investment of those moneys during the marriage; the moneys that have been deferred by an officer or employee of a municipal corporation and that have been transmitted to the governing board, administrator, depository, or trustee of the deferred compensation program of the municipal corporation during the marriage and any income that is derived from the investment of those moneys during the marriage; or the moneys that have been deferred by an officer or employee of a government unit, as defined in section 148.06 of the Revised Code, and that have been transmitted to the governing board, as defined in that section, during the marriage and any income that is derived from the investment of those moneys during the marriage.
 {¶ 27} "(b) "Marital property" does not include any separate property.
 {¶ 28} "(4) "Passive income" means income acquired other than as a result of the labor, monetary, or in-kind contribution of either spouse.
 {¶ 29} "(5) "Personal property" includes both tangible and intangible personal property.
 {¶ 30} "(6)(a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
 {¶ 31} "(i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;
 {¶ 32} "(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
 {¶ 33} "(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage;
 {¶ 34} "(iv) Any real or personal property or interest in real or personal property acquired by one spouse after a decree of legal separation issued under section 3105.17 of the Revised Code;
 {¶ 35} "(v) Any real or personal property or interest in real or personal property that is excluded by a valid antenuptial agreement;
 {¶ 36} "(vi) Compensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets;
 {¶ 37} "(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse.
 {¶ 38} "(b) The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable.
 {¶ 39} "(B) In divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property in which one or both spouses have an interest.
 {¶ 40} "(C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section.
 {¶ 41} "(2) Each spouse shall be considered to have contributed equally to the production and acquisition of marital property.
 {¶ 42} "(3) The court shall provide for an equitable division of marital property under this section prior to making any award of spousal support to either spouse under section 3105.18 of the Revised Code and without regard to any spousal support so awarded.
 {¶ 43} "(4) If the marital property includes a participant account, as defined in section 148.01 of the Revised Code, the court shall not order the division or disbursement of the moneys and income described in division (A)(3)(a)(iv) of this section to occur in a manner that is inconsistent with the law, rules, or plan governing the deferred compensation program involved or prior to the time that the spouse in whose name the participant account is maintained commences receipt of the moneys and income credited to the account in accordance with that law, rules, and plan.
 {¶ 44} "(D) Except as otherwise provided in division (E) of this section or by another provision of this section, the court shall disburse a spouse's separate property to that spouse. If a court does not disburse a spouse's separate property to that spouse, the court shall make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse.
 {¶ 45} "(E)(1) The court may make a distributive award to facilitate, effectuate, or supplement a division of marital property. The court may require any distributive award to be secured by a lien on the payor's specific marital property or separate property.
 {¶ 46} "(2) The court may make a distributive award in lieu of a division of marital property in order to achieve equity between the spouses, if the court determines that a division of the marital property in kind or in money would be impractical or burdensome.
 {¶ 47} "(3) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.
 {¶ 48} "(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 49} "(1) The duration of the marriage;
 {¶ 50} "(2) The assets and liabilities of the spouses;
 {¶ 51} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 52} "(4) The liquidity of the property to be distributed;
 {¶ 53} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 54} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 55} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 56} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 57} "(9) Any other factor that the court expressly finds to be relevant and equitable.
 {¶ 58} "(G) In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of "during the marriage."
 {¶ 59} "(H) Except as otherwise provided in this section, the holding of title to property by one spouse individually or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property.
 {¶ 60} The trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division. Briganti v. Briganti (1984),9 Ohio St.3d 220-222.
 {¶ 61} While title from Appellant's parents to the farm in question was deeded to him alone during the marriage, this, by itself, is not controlling (R.C. § 3105.171(H)). However, the court must determine if the transfer from Appellant's parents was a gift or sale, and if the former, the intent to gift to Appellant only must be shown by clear and convincing evidence. (R.C. § 3105.171(6)(a)(vii)).
 {¶ 62} Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate; being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 63} The first argument to be addressed is the reference to R.C. 1335.04 as to a deed being the only method of transferring real estate by a grantor. This is correct except that it has no bearing on the issue at hand as the Legislature has clearly envisioned that this has occurred by reciting in R.C. 3105.171(H) that the holding of title in one spouse or both is not determinative.
 {¶ 64} The second issue presented by Appellant is whether subsequent voluntary payments negate the gift of the farm. Again, this is immaterial to the question of the intention of the parents in executing the deed as the parties went through various periods of lack of funds. Also, while Appellant claims that Appellee marked the checks subsequently, as land payments, the court found, and the evidence supports the fact that Appellant listed such checks as land payments both on his ledger and on the joint tax returns.
 {¶ 65} The issue, with the conflicted testimony, is one of credibility. Under R.C. 3105.171(6)(a)(vii) a gift to one spouse must be established by clear and convincing evidence. The court found the proof failed to meet such high standard.
 {¶ 66} The last argument made relates to transmutation from separate to marital through either the loan, the payment of taxes or the labor of Appellee on the farm. None of these arguments are pertinent as the court found a failure by clear and convincing evidence of the lack of intention to gift the farm solely to Appellant, not as to whether transmutation occurred.
 {¶ 67} We cannot substitute our opinion as to the credibility of the witnesses.
 {¶ 68} Evidence, as accepted, supports the trial court's conclusions.
 {¶ 69} The First Assignment is rejected.
 II. {¶ 70} The Second Assignment concerns the Wheeling Ave. property where Appellee conducted her "Country Bits and Pieces" business.
 {¶ 71} Appellant's contention is that the value of such ongoing business was not considered in the distribution of this asset. The standard as to manifest weight of the evidence has been discussed previously herein.
 {¶ 72} We agree with Appellant that consideration of the value of an on-going business, if such exists, is an asset to be considered.
 {¶ 73} However, there was no evidence, as Appellee correctly states, presented to the magistrate of such value even though appraisals and stipulations of value as to real and personal property had been provided.
 {¶ 74} As the magistrate had no means to consider such and this court is in the same position, we cannot revert to speculation.
 {¶ 75} As stated in Berish v. Berish (1982),69 Ohio St.2d 318, a reviewing court must find an abuse of discretion before it can reverse or modify a division of property.
 {¶ 76} Here, we have no basis to determine if an abuse occurred.
 {¶ 77} The Second Assignment of Error is denied.
 III. {¶ 78} The argument presented by the Third Assignment concerns the alleged appreciation in value to the Cadiz Road property since the marriage. The interest in such real estate of Appellant's former wife had been purchased by Appellant prior to this marriage.
 {¶ 79} Appellant proposes that an equitable division would assign 4/24th of the increase in value as separate property with 20/24th as marital.
 {¶ 80} The problem with this conclusion is the same as the prior Assignment of Error in that no expert testified. The proposed fractional distribution is based on speculation as to appreciate. We have no evidence of such between the time of the acquisition of Appellant's former wife's interest and the 1985 marriage date of the marriage to Appellee.
 {¶ 81} Appellant's Third Assignment of Error is denied.
 IV. {¶ 82} For the same reasons that Assignment Three was denied, Assignment of Error Four is also rejected.
 {¶ 83} The judgment of the Guernsey County Court of Common Pleas is affirmed.
Boggins, J. Wise, P.J. and Gwin, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to appellant.